# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN CABRERA ESPINOZA,<br><br>Petitioner,<br><br>v.<br><br>MINGA WOFFORD, et al.,<br><br>Respondents. | Case No. 1:24-cv-01118-SAB-HC<br><br>ORDER DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFS |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On October 31, 2024, Petitioner filed a motion for leave to file factual update in the form of a declaration from Petitioner's counsel in his immigration proceedings. (ECF No. 64.) On November 25, 2024, the Court granted the motion. (ECF No. 65.) The declaration states that the Ninth Circuit denied Petitioner's petition for review on September 11, 2024, Petitioner filed a motion for panel rehearing on September 25, 2024, Petitioner filed a motion for rehearing en banc on October 28, 2024, and the Ninth Circuit has maintained a stay of Petitioner's removal until the mandate in the case issues. (ECF No. 64-1 at 3–4.)

On November 21, 2024, the Ninth Circuit denied the petitions for rehearing and rehearing en banc. Order, Espinoza v. Garland, No. 23-2583 (9th Cir. Nov. 21, 2024), ECF No. 47.[1] On

---

[1] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United

November 22, 2024, Petitioner filed a motion to stay the mandate that is pending. Motion, Espinoza, No. 23-2583 (9th Cir. Nov. 22, 2024), ECF No. 48.

An intricate statutory scheme governs the detention of noncitizens during removal proceedings and after a final removal order is issued. "Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b) ('Section 1225(b)'), 1226(a) ('Subsection A'), 1226(c) ('Subsection C'), and 1231(a) ('Section 1231(a)')." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

The Ninth Circuit has held that § 1226(c) "applies throughout the administrative and judicial phases of removal proceedings." Avilez, 69 F.4th at 535. "Section 1231(a) applies to detention after the entry of a final order of removal" and "does not apply to detention during the pendency of administrative or judicial removal proceedings." Avilez, 69 F.4th at 530–31. "When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90–day statutory 'removal period,' during which time the alien normally is held in custody." Zadvydas v. Davis, 533 U.S. 678, 682 (2001). Section 1231 governs detention during this ninety-day removal period, which begins on the latest of either "(1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and this court stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement." Avilez, 69 F.4th at 531 (citing 8 U.S.C. § 1231(a)(1)(B)(i)–(iii)).

Most appellate courts addressing the issue have held that a petition challenging detention under 8 U.S.C. § 1226(c) is moot when the detention authority shifts to § 1231. Farah v. U.S. Att'y Gen., 12 F.4th 1312, 1332–33 (11th Cir. 2021) ("As soon as we issue our final order

---

States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

1 resolving his immigration petition, Farah's removal period will commence, and his detention will
2 be governed by section 1231(a). So he will no longer have a basis to challenge his detention
3 under section 1226(c)."); Wang v. Ashcroft, 320 F.3d 130, 147 (2d Cir. 2003) ("Accordingly,
4 there can be no doubt that Wang is *now* subject to detention under [INA] § 241 [8 U.S.C. § 1321]
5 . . . . To the extent that Wang previously may have had a cognizable due process argument under
6 [INA] § 236 [8 U.S.C. § 1226], that claim has been rendered moot."); Godfrey v. Ball, No. 23-
7 7104, 2024 WL 4471571, at *1 (2d Cir. Oct. 11, 2024) ("A due process challenge to detention
8 under § 1226 is rendered moot by judicial denial of a petition for review of a removal order
9 because that decision shifts detention authority to § 1231."); Kumar v. U.S. Dep't of Homeland
10 Sec., No. 19-2404, 2020 WL 2904685, at *1 (6th Cir. June 1, 2020) ("Kumar's challenge to his
11 detention under § 1226 no longer presents an active controversy because . . . Kumar is now being
12 held pursuant to § 1231, and his appeal is moot."); Maldonado-Velasquez v. Moniz, No. 17-
13 1918, 2018 WL 11444979, at *1 (1st Cir. Mar. 22, 2018) ("Maldonado-Velasquez is no longer
14 being detained pursuant to the statute at the heart of his due process claim, 8 U.S.C. § 1226. The
15 shift in detention authority has rendered Maldonado-Velasquez's due process claim moot."
16 (citation omitted))).

17     In the motion for factual update, Petitioner states that "[g]iven the nature of the factual
18 update, in Petitioner-Plaintiff's view no further briefing is required from either party. Mr.
19 Cabrera Espinoza filed his habeas petition challenging his *prolonged detention*" and the petition
20 "is ripe for adjudication." (ECF No. 64 at 2 n.1.) However, given the above authorities, the Court
21 finds that supplemental briefing addressing these cases and what impact, if any, the Ninth
22 Circuit's denial of Petitioner's petition for review has on the habeas petition pending before this
23 Court, would be helpful.
24 ///
25 ///
26 ///
27 ///
28 ///

Accordingly, IT IS HEREBY ORDERED that within thirty (30) days of the date of service this order, the parties SHALL FILE supplemental briefs addressing the issues set forth above.

IT IS SO ORDERED.

Dated:   **December 18, 2024**

STANLEY A. BOONE
United States Magistrate Judge

4